IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALAN L. BUFFALO                                                       PLAINTIFF

vs.                                  Civil No. 05-4006

JO ANNE B. BARNHART,
Commissioner, Social Security Administration                        DEFENDANT

## MEMORANDUM OPINION

### Factual and Procedural Background:

Alan L. Buffalo (hereinafter "Plaintiff"), has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his claims for a period of disability and disability insurance benefits (hereinafter "DIB"), pursuant to *§§ 216(i) and 223* of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i) and 423*, and for supplemental security income (hereinafter "SSI") benefits, pursuant to *§ 1602 of Title XVI, 42 U.S.C. § 1381a*. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g)*.

Both parties have filed appeal briefs (Doc. #5, 6 & 7). The history of the administrative proceedings is contained in the respective appeal briefs and will not be recounted herein, except as is necessary.

Plaintiff alleges that he is disabled due to: degenerative disc disease; residuals of an injury to the lumbar spine during military service; narrowing of the lumbar disc spaces with spondylosis; mild, diffuse bulging disk at L3-4 and L4-5 with facet arthropathy at L4-5 and extra accumulation of synovial fluid in the left facet joint; arthritis; anxiety; panic attacks; major

depression; recurrent depression; adjustment disorder; anger control issues; GAF of 65; insomnia; multiple suicide attempts; insomnia; fatigue; headaches; multiple inpatient psychiatric hospitalizations; pain; numerous functional limitations; and, side effects of medications. The issue before this Court is whether the decision of the Commissioner is supported by substantial record evidence.

The Plaintiff's administrative hearing was conducted on July 9, 2004 (T. 213-255), after which the ALJ issued his written decision, dated October 29, 2004 (T. 11-16).

Plaintiff then sought review of the ALJ's decision by the Appeals Council (T. 6-7). Plaintiff's request for review to the Appeals Council was denied on January 21, 2005 (T. 3-5). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. From that decision, Plaintiff appeals (Doc. #1, 5 & 7). This matter is before the undersigned by consent of the parties (Doc. #2).

**Applicable Law:**

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000); see also Craig v. Apfel 212 F.3d 433, 435-436 (8th Cir. 2000).* Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion. *See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999).* In considering whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See Prosch, 201 F.3d at 1012.* We may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome. *See id.; Woolf v. Shalala, 3 F.3d*

1210, 1213 (8th Cir. 1993). Even if this Court might have weighed the evidence differently, the decision of the ALJ may not be reversed if there is enough evidence in the record to support the decision. *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992).

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 416.920(b)*. If the claimant is so involved, benefits are denied; if not, the evaluation goes to the next step.

Step two involves a determination, based solely on the medical evidence, of whether claimant has a severe impairment or combination of impairments. *Id., § 416.920(c); see 20 C.F.R. § 416.926*. If not, benefits are denied; if so, the evaluation proceeds to the next step.

The third step involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 416.920(d)*. If so, benefits are awarded; if not, the evaluation continues.

Step four involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 416.920(e)*. If so, benefits are denied; if not, the evaluation continues.

The fifth step involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given the claimant's age, education and work experience. *Id., § 404.920(f)*. If so, benefits are denied; if not, benefits are awarded.

In addition, whenever adult claimants allege mental impairment, the application of a special technique must be followed at each level of the administrative review process. See *20*

C.F.R. § 416.920a(a).

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. See *20 C.F.R. § 416.920a(d)*. Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. See *20 C.F.R. § 416.920a(e)*.

**Discussion:**

The ALJ determined that Plaintiff suffered from the following severe impairments: "treatment for major depression, anxiety, alcohol dependence and chronic back pain" (T. 11). However, the ALJ determined that none of Plaintiff's severe impairments, alone or in combination, met or equaled the level of severity of any listed impairment. At step four, the record reflects that the ALJ determined that Plaintiff is capable of performing a "wide range of medium work activity not requiring more than routine interpersonal contact with others or work that is stressful in nature". In performing the PRT analysis with respect to Plaintiff's mental diagnoses, the ALJ determined that the Plaintiff experienced no more than moderate restriction of his daily activities, with no significant deficit in his ability to function socially. Additionally, the ALJ determined that Plaintiff suffered no significant level of deficiencies of concentration, persistence or pace. He also determined that Plaintiff experienced no episodes of decompensation or deterioration in work settings (T. 13). After establishing Plaintiff's residual functional capacity, the ALJ determined that Plaintiff could perform his past relevant work[1]. Thus, the sequential analysis ended at step four.

---

[1] Plaintiff's past relevant work includes that of a: security guard; bounce; supervisor of a janitorial service; lawn care worker; and, groundskeeper (T. 15)

AO72A
(Rev. 8/82)

The ALJ's decision to find Plaintiff's nonexertional complaints of pain and functional limitations less that fully credible is based in significant part on the ALJ's determination that Plaintiff failed receive little medical treatment for chronic pain after February 2003 (T. 14). However, the ALJ's characterization of Plaintiff's treatment[2] after February of 2003 is not supported in the administrative record. There are numerous treatment records and prescription medication refills which occur after February of 2003. The record reflects treatment of Plaintiff by the VA through a date just prior to the administrative hearing, which was conducted on July 9, 2004 (T. 213). The record reflects refills of Plaintiff's medications by the VA through June 28, 2004, just 11 says prior to the date of the administrative hearing (T. 196, 213). The evidence also includes various laboratory tests ranging from April 12, 2003, to June 28, 2004, which tests were utilized by the VA and analyzed in comparison with one another (T. 197-200). Plaintiff's blood and urine were tested on April 1, 2004 at the VA hospital in Shreveport, Louisiana (T. 192). On July 12, 2004, Plaintiffs anti-depressant medication was changed to Celexa, and his prescription/use of Citalopram Hydrobromide was discontinued (T. 189). A year long prescription for Soma was prescribed for Plaintiff on January 23, 2003 (T. 188). On January 24, 2004, Plaintiff's prescription for Soma was again refilled (T. 188). On August 22, 2004, Plaintiff's prescriptions for Buspirone, Citalopram Hydrobromide and Seroquel were all refilled. Plaintiff's Seroquel was refilled on April 2, 2004 (T. 186). On April 2, 2004, Plaintiff's Soma was refilled with directions to take "one tablet by mouth three times a day as

---

[2]The treatment which was not considered by the ALJ consists of treatment and tests for Plaintiff's lumbar back issues, upon which he states his pain is based. Therefore, the record does not support the finding that treatment for Plaintiff's allegations of chronic pain ceased in February of 2003.

-5-

AO72A
(Rev. 8/82)

needed as a muscle relaxant" (T 185-186). Salsalate was prescribed on April 2, 2004, with directions to take "one and one-half tablets by mouth twice a day as needed for pain and inflammation" (T. 185). Plaintiff was also treated at the VA on: June 3, 2003; July 9 & 10, 2003; August 8, 2003; September 22, 2003; September 29, 2003; October 7, 2003; December 19, 2003; February 9, 2004; and, May 19, 2004 (T. 157-183).

At hearing, both counsel for Plaintiff and the Plaintiff informed the ALJ that a recently scheduled MRI had been cancelled and would be rescheduled shortly (T. 218-219, 233-234). Plaintiff testified that the MRI was scheduled in furtherance of the VA's treatment of his lumbar spine (T. 233-234).

In light of the ALJ's failure to consider the rather extensive medical treatment Plaintiff received after February of 2003, the undersigned is not persuaded there is substantial evidence to support the ALJ's determination. The ALJ's determination that Plaintiff lacks credibility in based in large part on the ALJ's assertion that Plaintiff failed to seek medical treatment after February 3, 2003. A thorough review of the medical evidence of record reveals that this finding is not supported by the evidence. The record contains substantial evidence of Plaintiff's consistent medical treatment, well after the date of February 3, 2003.

Although a deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency had no practical effect on the outcome of the case, the ALJ is not free to ignore medical evidence of record but rather must consider the whole record. *Reeder v. Apfel, 214 F.3d 984, 988 (8th Cir. 2000), citing Senne v. Apfel, 198 F.3d 1065, 1067 (8th Cir.1999).* Upon remand, the ALJ should consider the medical evidence of record in rendering a decision.

AO72A
(Rev. 8/82)

**Conclusion:**

For the foregoing reasons, the decision of the ALJ should be reversed. This matter should be remanded to the Commissioner for further consideration and proceedings consistent with this decision. In light of the Court's decision to remand, all other issues raised by Plaintiff are rendered moot.

ENTERED this 28th day of March, 2006.

/s/Bobby E. Shepherd
Honorable Bobby E. Shepherd
United States Magistrate Judge

AO72A
(Rev. 8/82)